IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BETTY L. NICHOLS and GENE NICHOLS, )
)
    Plaintiffs, )
)
v. )
)
K-MART; a/k/a K-Mart, Inc.; and/or, K-mart )   No.   3:11-cv-00551
)   JURY DEMAND (12)
Corporation, A Corporation doing business )
in Montgomery County, Tennessee; and, )
JOHN DOE/JANE DOE employees/agents )
of K-MART, )
)
    Defendants. )

## INITIAL CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to the scheduling conference set by written notice and Order, the parties submit the following:

I.    JURISDICTION AND VENUE

The court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. Venue is properly laid in this judicial district and division pursuant to 28 U.S.C. § 1402(b).

II.   PARTIES' STATEMENTS AND THEORIES OF THE CASE

    A.    Plaintiffs' Theory of the Case

Plaintiffs, Betty Nichols and Gene Nichols contend that the Defendant, K-Mart was negligent and breeched its duties owed to the Plaintiffs, and specifically Betty Nichols, a customer who realized personal injury and/or exacerbations of conditions, along with pain and suffering while shopping in the store.

Said negligence of the Defendant and its agent/employees centers upon the Defendant and its agents initial placement and erection of a store

display, and the partial removal of the display in a manner resulting in items and materials of the display being left in the isle where the Plaintiff was shopping. Said materials from the display obstructed the isle where Plaintiff was shopping causing her to fall.

The negligence of the Defendant and its agent's is further averred to include the placement and then failure to remove said materials that created the obstruction from the isle, as well as the failure to warn of the presence of the materials/obstruction, the failure to otherwise protect the Plaintiff as a customer of the Defendant, and the placement of merchandise for sale within the store on the shelves in the isle in close proximity to the materials/obstruction on the floor such that said merchandise drew the Plaintiff's attention from the floor, all of which resulted in the Plaintiff falling and sustaining injury.

Defendant and its agents/employees had actual and/or constructive notice of the dangerous condition of the isle, of the existence and condition of the materials in the isle, and of the obstruction. Defendant's and its agents/employees' knowledge of the same is established in part by the fact that Defendant and its agents created the obstruction and condition by which materials remained in the isle. Further, said knowledge is established by the fact that Defendant and its agents initially selected the location for the display, then erected/placed the display in the isle, and thereafter left materials in the isle from the display, all in close proximity to merchandise placed on the shelves by Defendant and intended by Defendant to be viewed

{01637956.DOC}

by customers, including the Plaintiff. Thus, Plaintiffs contend that Defendant and its agents had knowledge at all times of the existence of the obstruction, its location, its proximity to merchandise upon shelves intended to be viewed by customers, and the danger the same presented to the Plaintiff as she shopped in the Defendant's store.

Plaintiffs maintain that the Defendant and its agents owed a heightened duty to Betty Nichols as the Defendant's customer which Defendant breached. Plaintiffs maintain that all acts and omissions of K-Mart and its agents and employees were in the course and scope of their employment with the Defendant, and/or that Defendant acquiesced in the same. Plaintiffs maintain that K-Mart is liable for both the acts and omissions of its agents/employees and all damages Betty and Gene Nichols' sustained and realized. Plaintiffs deny that they caused or contributed under comparative fault to Betty Nichols fall, her resulting personal injuries and damages, or any damages realized by Gene Nichols. Plaintiffs maintain that all damages pled are the fault of the Defendant and its agents/employees.

B.   Defendants Theory of the Case

Defendant denies that it or any of its agents are guilty of any wrong doing in this incident. Defendant denies that it was in any way negligent with regard to this matter or that a dangerous condition existed. Moreover, the principal of comparative fault should govern any recovery in this case. Specifically, Defendant alleges that the Plaintiff's recovery, if any, should be compared against the finding of fault of the

Plaintiff, and that Plaintiff's recovery, if any, should be reduced accordingly. Defendant has filed an Answer which effectively denies Plaintiff's allegations and asserts applicable defenses.

III. SCHEDULE OF PRETRIAL PROCEEDINGS

A. Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before August 18, 2011.

B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file with the Court reflecting that the parties met and that that parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C. Other Pretrial Discovery Matters

As determined at the case management conference on Monday, July 18, 2011, this action is set for jury trial on October 16, 2012, at 9:00 a.m.

If this action is to be settled, the Court shall be notified by noon, on October 12, 2012. If the settlement is reached thereafter resulting in the non-

utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pre-trial conference shall be held on October 1, 2012, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on March 30, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand by March 30, 2012. All discovery related motions shall be filed by the close of business on April 14, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by the close of business on May 30, 2012 and any response thereto shall be filed by the close of business on June 30, 2012. Any reply shall be filed by the close of business on July 15, 2012.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

By the close of business January 15, 2012, the plaintiff shall declare to the defendant (not file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on February 15, 2012, the defendants shall declare to the plaintiff (not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on March 30, 2012. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's

{01637956.DOC}

report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline. These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

This day 20th of July, 2011.

             *s/ John S. Bryant*
             Magistrate Judge John S. Bryant

**APPROVED FOR ENTRY:**

**BATSON NOLAN, PLC**

By:  /s/ J. Matthew Miller
   **J. Matthew Miller**, BPRN 19505
   Attorney for Plaintiffs
   121 South Third Street
   Clarksville, Tennessee 37040
   (931) 647-1501

   /s/ Herbert E. Patrick
   Herbert E. Patrick, BPRN 10574
   111 South Third Street
   Clarksville, Tennessee 37040

*Attorneys for Plaintiffs*

LEITNER, WILLIAMS,
DOOLEY & NAPOLITAN, PLLC

By: _____
**Anthony M. Noel,** BPRN 18828
**Paul Brewer,** BPRN 25289
Attorneys for Defendant
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722

*Attorney for Defendants*